[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court as a limited contested dissolution of a marriage which occurred between the parties in Reno, Nevada on March 31, 1977. Both parties have resided continuously in this state for at least twelve months preceding the filing of this complaint. There are no minor children issue of this marriage and no minor children have been born to the wife since the date of this marriage. Neither party is receiving assistance from the State of Connecticut. The court finds that it has jurisdiction.
The wife was 24 years old at the time of the marriage and the CT Page 12715 husband was 27. The parties are now 41 and 44 respectively. It was a first marriage for both parties. Both parties had their bachelor's degrees when they married. During the marriage each party received a master's degree with the financial and emotional assistance and cooperation of the other party.
The wife has been employed at Boehringer Ingelheim since February of 1984. Her current salary is $65,000 per annum. The husband is an adjunct professor at Western Connecticut State University and has been the campus minister for the past seven years. He is paid at the rate of $2,060 per month as the minister and receives $2,000 per year for each of the two courses he currently teaches in his capacity as adjunct professor. His financial affidavit indicates an annual income of just under $29,000. The husband's current employment leaves him free for all intents and purposes during the summer months, which would allow him the opportunity to supplement his school year income. Despite the disparity between the parties' income, the husband seeks no alimony in these proceedings.
The wife has a retirement savings plan and a pension in conjunction with her employment at Boehringer. Her retirement savings plan had a value of $28,767.64 as of December 31, 1993 and a value of $39,431.66 as of March 31, 1995 (see plaintiff's exhibits 7 and 6). The wife's financial affidavit reflects estimated pension benefits accrued as of December 31, 1994 as $493 per month. The husband has an IRA valued at $3,500.
The parties entered this marriage with little or no assets. During the marriage they bought, improved and sold various pieces of real property. The bulk of the improvements to these properties were done by the parties themselves. The husband was able to contribute more to these improvements because of his expertise and work schedule. At the time of trial the marital home in Bethel was scheduled to be sold the following month. There is minimal equity in the property.
During the marriage, the wife was the primary "breadwinner" and the husband supplemented his financial contributions to the marriage by his additional contributions as the "homemaker," assuming primary responsibility for the cooking, grocery shopping and other home related tasks.
Both parties testified as to the causes of the breakdown of the marriage. Clearly the parties had grown apart long before CT Page 12716 their appearance before this court and well before their physical separation in 1993. The court will find that their marriage has irretrievably broken down and a decree of dissolution of the marriage shall enter on those grounds. Based upon the evidence adduced the court does not assign any greater fault in the breakdown of the marriage to either party.
Having considered all of the statutory criteria and the evidence presented at trial the court will make the following orders:
1. No alimony is awarded to either party.
2. The wife shall cooperate with the husband to enable him to convert his medical coverage through Boehringer Ingelheim if he chooses to do so. The cost of the premiums for same upon conversion shall be the husband's responsibility.
3. The wife shall retain the 1993 Mercury and shall be responsible for the loan for same.
4. The husband shall retain the 1987 Toyota truck.
5. The husband shall transfer to the plaintiff all of his right, title and interest in the 1994 motor home to the wife.
6. The real property in Bethel, if not already sold, shall be listed for sale immediately. The net proceeds of sale shall be first applied to the outstanding joint credit card debt to People's Bank. The remaining balance of the net proceeds, if any, shall be paid to the wife's mother toward the existing debt.
7. The parties shall be equally responsible for any remaining balance of the joint People's Bank credit card debt.
8. The parties shall be equally responsible for the balance of the debt to the wife's mother.
9. A qualified domestic relations order shall enter transferring to the husband fifty (50%) percent of the wife's pension plan accrued during the marriage.
10. The value of the husband's IRA and the wife's retirement savings plan, as of the date of the dissolution, shall be added together. The parties shall each be entitled to fifty (50%) CT Page 12717 percent of that total. A qualified domestic relations order shall enter transferring to the husband from the wife's retirement savings plan the sum, which when added to the value of his IRA, will equal fifty (50%) percent of the total.
11. Any other personal property now in the possession of either party shall become and remain the property of such party.
12. Each party shall be responsible for the payment of their individual counsel fees.
13. The court will retain jurisdiction to effectuate the orders regarding the real property, the pension distribution and the distribution of the retirement savings plan.
Dennis, J.